**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD McVEIGH** | § | |
| | § | |
| **-V-** | § | **U.S DISTRICT COURT** |
| | § | **Case #__________** |
| **STATE OF RHODE ISLAND** | § | CA 08 82 ML |

**<u>MOTION</u>: "A VIOLATION OF THE <u>SIXTH AMENDMENT RIGHT</u> TO A FAIR TRIAL, AND A DUE PROCESS VIOLATION UNDER THE <u>FOURTEENTH AMENDMENT</u> TO THE U.S. CONSTITUTION.**

Now comes the above named movant Richard McVeigh and hereby states:

On June 30, 1993 movant was convicted of eight (8) counts of first degree sexual assault. He was sentenced to concurrent and consecutive life sentences. Rhode Island Supreme Court affirmed movants conviction in ***<u>State-v-McVeigh</u>*** **660 A2d 269 (1995).**

Movants sentence reduction was denied and affirmed in ***<u>State-v-McVeigh</u>*** **683 A2d 375 (1996).**

Movant petitioned for postconviction relief in November 27, 1996 alleging ineffective assistance of counsel, before, during and after his conviction. Superior Court denied movants petition on April 18, 2006, movant appealed in a

timely manner and his conviction was affirmed on December 17, 2007.

"Movant" now seeks Federal relief under a Sixth Amendment right to a fair trial and a violation of due process under the Fourteenth Amendment to the U.S. Constitution.

Movant seeks relief under this Courts decision in ***Strickland-v-Washington*** **466 U.S. 688,** where this Court held: "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for the resolution of issues, defined in advance." Also in ***Johnson-v-U.S.*** **413 A2d 499**, this Court held:

"Trial counsel was grossly incompetent by failing to investigate a favorable medical report, and failure to secure and present testimony from the doctor who examined complainate "after" alleged offense, and concluded their was "No evidence of trauma."

Rhode Island Supreme Court held in the case of ***State-v-Weber*** **716 A2d 738 (1998)** and ***Harlem-v-State*** **663 A2d 902(1995)** "the determination of the truthfulness or credibility of 'a witness' lies within the 'exclusive' province of the jury."

**DISCUSSION**

In ***Strickland-v-Washington*** **466 U.S. 688** the U.S. Supreme Court set a two part test for evaluating a claim of ineffective assistance of counsel. The Rhode Island Courts have recognized the Strickland test and have repeatedly evaluated ineffective assistance of counsel claims under its requirements. The movant claims all evidence was not given to the jury in his defense, there-by perjured testimony was allowed to occur unchallenged.

Under **'Strickland'** a complaining defendant must meet certain criteria to establish that "his" counsel's assistance was ineffective.

"First" the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that, counsel was not functioning as the counsel guaranteed the defendant by the Sixth and Fourteenth Amendment.

"Second" the defendant must show that the deficient performance was prejudicial to the defense. This requires a showing that counsel's errors were so serious, as to deprive the defendant of a fair trial, a trial whose result is realiable.

In movants case 'evidence was not' presented to the jury, a clear violation of the Sixth Amendment right to a fair trial and the due process violation under the Fourteenth Amendment.

Movants evidence shows, trial counsel went into judges chambers, "without" the court reporter and decided "not to" present an investigation done by D.C.F. in 1981, or call Ms. Kathleen Margilli the investigator. (perjured testimony given)

The report "Contradicts testimony" given by the States complaining witness. A clear violation of movants Sixth and Fourteenth Amendment, also the jury was "deprived" from forming an opinion of the truthfulness or credibility of the testimony they were given. [see exhibit #1]

Trial counsel was grossly incompetent by "not securing Dr. Frank Fallon" and his medical reports on the examination of the States complaining witness. The doctors finding given to D.C.F. was; the States complaining witness "was not sexually active" as of August 1981. This "evidence was not given to the jury. A clear violation of movants Sixth and Fourteenth Amendment and the jury was "deprived" from forming an opinion of the truthfulness or credibility of the testimony they were given. [see exhibit #2]

Trial counsel was grossly incompetent by "not securing Family Court reporters notes", where on September 4, 1981, the

States complaining witness did testify on behalf of the movant and was found by the Family Court Judge to be "a fit and proper person" for sole custody of his daughter. This evidence "was not" given to the jury. A clear violation of movants Sixth and Fourteenth Amendment, the jury was denied from forming an opinion of the truthfulness or creditability of the testimony that they were given. [see exhibit #3]

Trial counsel failed to present school records showing the States complaining witness was enrolled in two (2) high schools "after" the date she testified, "she was forced to quit". A case of perjury here and a clear violation of the movants Sixth and Fourteenth Amendment and in depriving the jury of forming an opinion of the truthfulness or credibility of the testimony they are given. [see exhibit #4]

Trial counsel "did no pre-trial investigation" into Paula McVeigh's 11th hour disclosure. Paula "did not" testify before the grand-jury, she "did not" testify at the bail hearing. In fact, Paula's statements to the D.C.F. investigation was "my father never touched me."

The above statement remained until it was learned "Paula was romantically involved with a female high school coach, she would not end the relationship." Paula's 11th hour disclosure was; "movant touched her the day before her 10th birthday."

Paula's statement was "she told no one". A pre-trial investigation would have uncovered this evidence and Paula's fabrication to protect the high school coach. A clear violation of movants Sixth and Fourteenth Amendment and in depriving jury of the "facts" to form an opinion of the truthfulness or creditability of the testimony they were given. [see exhibit #5]

The States attorney "withheld evidence" from the defense at the start of the trial. Paula told a friend! This was learned during questioning by the defense (see ____ transcript enclosed).

This clearly constitutes prosecutorial misconduct and judicial error and a clear violation of movants Sixth and Fourteenth Amendment and in depriving the jury of forming an opinion of the truthfulness or credibility of the testimony they are given. [see exhibit #5]

In ***State-v-Cronan*** **774 A2d 866 (R.I. 2001)** and in ***State-v-Wyche*** **518 A2d 907-910 (R.I. 1996)** our Supreme Court stated: "When the failure to disclose is deliberate", this Court "will not" concern itself with the degree of harm, caused to the defendant by the "prosecutions misconduct." "we shall simply grant the defendant a new trial."

Trial counsel failed to impeach the States complaining witness, as to other contacts between her and this movant. Contacts initiated by the States complaining witness (enclosed trial out take page 159). A clear violation of movants Sixth and Fourteenth Amendment and in depriving the jury of forming an opinion of the truthfulness or credibility of the testimony they are given.

Trial counsel failure to impeach the testimony of Tina McVeigh, as to a Christmas tree incident that "was not" in her police statement. The story seemed to come "after" Tina and the States complaining witness talked about the case, and the testimony they would be giving to the jury (see enclosed out take pages 173-177). A clear violation of movants Sixth and Fourteenth Amendment and in depriving the jury of forming an opinion of the truthfulness or credibility of the testimony they are given. [see exhibits #6 and #7]

**CONCLUSION**

By the enclosed evidence "not being presented" to the jury at the movants trial, it deprived movant of his Sixth and Fourteenth Amendment, it deprived the jury of forming an

opinion of trial testimony of the truthfulness or credibility of the issue. [see exhibit #8]

The evidence 'not' being presented to the jury "deprived" movant of his chance to prove his true "innocence". Movant did not sexually assault or beat his daughter, as charged by the State.

Under the **Strickland** rule; "movants evidence was not presented to an impartial tribunal for the resolution of issues, depriving movant of his Sixth Amendment right to a fair trial and the due process violations under the Fourteenth Amendment to the Unites States Constitution.

As a result of the allegations set forth herein, movant's conviction is illegal and unconstitutional.

Wherefore movant prays that his judgment of conviction be vacated and any further relief deemed just and proper will be accepted.

Respectfully Submitted:

Richard McVeigh
Richard McVeigh
PO Box 8274
Cranston, RI 02930

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD McVEIGH** | § | |
| | § | |
| **-V-** | § | **U.S DISTRICT COURT** |
| | § | **Case #____________** |
| **STATE OF RHODE ISLAND** | § | |

**MOTION: "A VIOLATION OF THE SIXTH AMENDMENT RIGHT TO A FAIR TRIAL, AND A DUE PROCESS VIOLATION UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.**

## CERTIFICATION

Motion mailed to the Clerk of United States District Court, for the District of Rhode Island, Providence, R.I. 02903 and

A copy to the Department of Rhode Island Attorney General, 150 South Main Street, Providence, R.I. 02903.

Mailed on the 29th day of February 2008.

Richard McVeigh

Richard McVeigh, pro-se
PO Box 8274
Cranston, R.I. 02920