**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD MCVEIGH** | : | |
| | : | |
| **v.** | : | **C.A. No. 08-082 ML** |
| | : | |
| **STATE OF RHODE ISLAND And A.T. WALL, Director of the Rhode Island Department of Corrections, et al.** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Now comes the State of Rhode Island, by and through its attorneys, and hereby moves to dismiss petitioner's Petition For Writ Of Habeas Corpus relief. The reasons in support of the State of Rhode Island's motion to dismiss are set forth in the accompanying memorandum of law.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/Virginia M. McGinn
______________________________

**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on April 9, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within document to the following by first-class mail on the same date: Richard McVeigh, Pro Se, #51739, P.O. Box 8274, Cranston, RI 02920.

/s/ Virgnia M. McGinn

PDF created with pdfFactory trial version www.pdffactory.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD MCVEIGH** | : | |
| | : | |
| **v.** | : | **C.A. No. 08-082 ML** |
| | : | |
| **STATE OF RHODE ISLAND And A.T. WALL, Director of the Rhode Island Department of Corrections, et al.** | : : : | |

**MEMORANDUM IN SUPPORT OF STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**Travel**

Petitioner, Richard McVeigh, was convicted of eight counts of first-degree sexual assault of his daughter, Cynthia, on June 30, 1993, following a jury trial in Providence County Superior Court. He was subsequently sentenced to two consecutive life sentences. The Rhode Island Supreme Court (RISC) affirmed his conviction on direct appeal and his sentence following a motion to reduce filed pursuant to Superior Court Rules of Criminal Procedure 35. *See* State v. McVeigh, 660 A.2d 269 (R.I. 1995)(Attached Hereto as Exhibit A)[1] *and* State v. McVeigh, 683 A.2d 375 (R.I. 1996)(Attached Hereto as Exhibit B). McVeigh then filed an application for post-conviction relief alleging ineffectiveness of counsel. Superior Court Associate Justice Michael A. Silverstein held a hearing on that application on August 11, 2005, and issued a bench decision denying the application on April 18, 2006. *See* Transcript of 8/11/05 and 4/18/06 (Attached Hereto as Exhibit C). Petitioner appealed the denial of his

[1] Following his wife's suicide, McVeigh beat and threatened his biological daughter into sharing his bed and engaging in intercourse and fellatio on a nightly basis for approximately three years, from the time she was fifteen until she finally left home at age eighteen.

PDF created with pdfFactory trial version www.pdffactory.com

application for post-conviction relief. *See* PreBrief of Appellant (Attached Hereto as Exhibit D). The state filed a prebrief in opposition to the appeal. *See* PreBrief of Appellee (Attached Hereto as Exhibit E). And after oral argument on December 3, 2007, the RISC affirmed the Superior Court's denial of petitioner's application for post-conviction relief. *See* McVeigh v. State, 937 A.2d 1183 (R.I. 2007)(Attached Hereto as Exhibit F).

**Claim**

McVeigh has now filed the instant federal habeas action pursuant to 28 U.S.C. §2254. He claims that the state court erred in refusing to find that his trial counsel was ineffective based upon his failure to challenge what he felt was the applicable statute of limitations and a purported failure to properly investigate the claims and introduce certain documentary evidence at trial.

**Standard of Review**

The Anti-terrorism and Effective Death Act (AEDPA) limits the scope of federal habeas review to those instances where a state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254 (d)(1). A decision is "contrary to" established precedent if 1) the state court applies a rule that contradicts a United States Supreme Court case or 2) the facts of the state case are indistinguishable from those of a case confronted by the United States Supreme Court and reaches a different result. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). An "unreasonable application" of law involves some level of incorrectness beyond mere error that makes the decision unreasonable in the objective judgment of the federal court. McCambridge



PDF created with pdfFactory trial version www.pdffactory.com

v. Hall, 303 F.3d 24, 36 (1st Cir. 2002)(*en banc*). "[I]f it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." *Id*. Also, the federal court shall presume that the state court's determination of factual issues is correct. *See* 28 U.S.C. §2254 (e)(1).

Federal habeas corpus is designed neither to provide an additional layer of conventional appellate review nor to correct "garden-variety errors" of either law or fact that may have occurred in a state criminal trial. Burks v. DuBois, 55 F.3d 712, 715 (1st Cir. 1995). Federal courts are not forums in which to retry state claims and habeas corpus is precluded "when a state court has reached its decision on the basis of an adequate and independent state-law ground." Burks v. DuBois, 55 F.3d at 716.

Ineffective assistance of counsel claims are examined using the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. at 687.

With respect to the deficiency complained of, defendant must show that his counsel's conduct fell below an "objective standard of reasonableness". Strickland v. Washington, 466 U.S. at 688. Additionally, considering the variety of circumstances faced by legal counsel and the number of legitimate options available to defend a client, judicial scrutiny must be highly deferential and there must be a "strong presumption that



PDF created with pdfFactory trial version www.pdffactory.com

counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. at 689.

Moreover, even if a defendant is able to sustain his burden in demonstrating that his attorney's conduct fell below reasonably objective standards, he must also show that he was prejudiced by those errors. He

> [m]ust show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland v. Washington, 466 U.S. at 694.

For example, in Hampton v. State, 786 A.2d 375, 381 (R.I. 2001) the RISC assumed arguendo that effective assistance of counsel in a probation revocation proceeding included preserving the right to appeal. And even though defendant's right to appeal was not preserved and could be considered defective assistance of counsel, the state court found that defendant failed to demonstrate how he would have been prejudiced by the error. Since he "failed to articulate any colorable basis on which he could have appealed successfully from the violation adjudication" his "ineffective-assistance-of-counsel argument does not pass muster under the applicable tests for establishing such a claim." Hampton v. State, 786 A.2d at 383.

**Discussion**

In his decision denying defendant's motion for post conviction relief, the hearing justice recognized that McVeigh had been represented by a number of different attorneys during all of the proceedings in state court and that "as to each and every one of them" he had expressed "dissatisfaction with the representation that he received". (Exhibit C, p. 69). Additionally, the court indicated that McVeigh had written to him directly



PDF created with pdfFactory trial version www.pdffactory.com

challenging the quality of the representation that he had received at the post conviction hearing itself. In response to that complaint, the hearing justice stated the following.

> This Court will for the record, for what it's worth, indicate that it is its belief, the Court's belief, that the representation Mr. McVeigh has received herein from present counsel has been exemplary. And the Court notes that for the record in view of the fact that it is highly likely that what here is said will be reviewed elsewhere by some other court.

(Exhibit C, p. 70).

Citing extensively from the standard adopted by the leading case of Strickland v. Washington, ***supra***, the state court found that none of the documents that McVeigh purports would have helped his cause would have done so. (Exhibit C, p. 72)("[N]othing has been called to the Court's attention that militates for a determination that Mr. McVeigh's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution in any way have been trampled upon. There isn't a scintilla of evidence that was put before the Court that would lead to that type of determination."). This conclusion was understandable, and certainly reasonable, in light of the testimony and documentary evidence introduced during the post-conviction hearing.

For example, the DCYF records that McVeigh argues should have been introduced contained the comment that, "It is a known fact that Mr. McVeigh, the father of Cynthia, has sexually abused his second wife's girls, Lindsay and Gloria." (Exhibit C, p. 40). *See also* DCYF record (Attached Hereto as Exhibit G). Additionally, the records contained references to petitioner's criminal record and were dated at the same time that the complainant testified the three-year abuse began. There was no dispute regarding the fact that Cynthia did not report the abuse until years later, which was a major area of cross-examination, therefore the fact that she did not divulge abuse to DCYF was not



PDF created with pdfFactory trial version www.pdffactory.com

disputed and of negligible relevance. The DCYF records from Massachusetts to which McVeigh alludes admittedly contain references to physical abuse, as McVeigh testified at trial. (Exhibit C, p. 48)("That was a physical assault."/"One black eye."). Likewise, the records of Doctor Fallon, that McVeigh's trial attorney had subpoened, as he had the DCYF records, were not introduced and McVeigh can admittedly only speculate as to what was contained in them. (Exhibit C, pp. 5, 41 & 19)("I can only speculate."). Likewise, they were dated at the same time the abuse began.[2] And again, the family court records finding that McVeigh was a fit parent predated or were contemporaneous to the onset of the abuse and of no relevance to the facts of and time period involved in this case, especially since, as already noted, it was undisputed that Cynthia had not revealed the abuse to the authorities until years later. Finally, the school records, that McVeigh claims would support the fact that Cynthia was often out of the house, discuss enrollment[3] but not attendance. Additionally, according to the uncontradicted testimony, the abuse most often occurred during the evening hours when McVeigh and his daughter shared a bed, and were described at trial as more like husband and wife than father and daughter, for three years.

McVeigh's trial attorney had subpoened certain records, and even introduced some of them at the bail hearing preceding trial, but his decision not to introduce them at

[2] McVeigh puts great emphasis on one of his former attorney's "no merit" memorandum (See State's PreBrief, Attached as Exhibit E, at Tab D) that states that Doctor Fallon indicated in June or July that Cynthia was not sexually active. However, as his attorney at the time pointed out, that time period constituted the very beginning of the sexual abuse and moreover, there is no indication of what kind of examination, if any, Cynthia received or if she simply denied being sexually active when giving the doctor her history.

[3] Plus, Cynthia was only enrolled at one high school for three months and another for five days!



PDF created with pdfFactory trial version www.pdffactory.com

trial constituted a valid trial strategy, particularly in light of the information contained in those records. *See* Brown v State, 841 A.2d 1116, 1119 (R.I. 2004)(post conviction failed where hearing justice found that "most of what he complained about amounted to challenging the strategic decision and tactics of his trial attorney."). The fact that petitioner would like to have presented documents that contained references to additional uncharged criminal conduct and other bad acts, on the basis that he could purportedly refute them, certainly does not support his claim that his attorney was ineffective in keeping that information away from the jury in the first place.

The petitioner also challenged the amount of time that his defense attorney spent with him over the course of three visits and four hours before the trial. (Exhibit C, pp. 52-3)("He left me out of my own trial."). But he could not point to additional information that he might have provided his attorney, he simply testified that they could have "expanded on it". (Exhibit C, p. 8). Additionally, McVeigh complained that his attorney did not make sufficient effort to obtain information from certain people he proposed as defense witnesses.[4] (Exhibit C, p. 8). However, as is apparent from the transcript, those witnesses would not have been of any assistance to McVeigh. (Exhibit C, pp. 57, 72)("No one wants to talk to the private investigator. Or if they do, it is certainly not helpful to Mr. McVeigh. No one has come forward to render assistance to Mr. McVeigh.").

However, even if McVeigh could point to specific areas of ineffectiveness attendant to his trial attorney's representation with respect to these evidentiary issues, which is emphatically denied, the deficiencies would not have been prejudicial in light of

[4] "The only thing that they could offer was that they seen no signs of physical abuse, which would go to the credibility of the victim." (Exhibit C, p. 9).



PDF created with pdfFactory trial version www.pdffactory.com

this record as a whole. Unlike the situation in many sexual assault cases, the testimony of Cynthia in this case was corroborated in great detail by her sister's testimony at trial. Even McVeigh recognized at the hearing that he and his attorney filed motions to prevent Cynthia's sister from testifying since her testimony would be so damaging in that it "more or less validated testimony given by the victim." (Exhibit C, p. 10). Additionally, despite his defense attorney's motions in limine regarding Rule 404 (b) evidence, the trial justice ruled that the jury was entitled to hear evidence of other sexual contact in both Massachusetts and Pennsylvania and of sexual abuse of another sister. That decision was one of the issues pursued by McVeigh in his direct appeal to the RISC, which affirmed the trial justice's decision. Therefore, it is unlikely that, in light of the testimony in this case, that the introduction of the records that McVeigh guesses or speculates may have been helpful would have been helpful at all, much less have affected the jury's verdict.

Despite McVeigh's assertion to the contrary, there has never been a statute of limitations in Rhode Island for the conduct for which he was convicted. As the hearing justice correctly recognized, when it cited Brown v. State, 841 A.2d at 1121, "[t]here has never been a statute of limitations for first degree sexual assault (Section 12-12-17)." (Exhibit C, p. 74). The petitioner is unable to offer any support at all, much less sustain his burden of demonstrating ineffectiveness and resulting prejudice, for his claim that the amendment to the statute of limitations for *minor* offenses, whereby the term "first degree sexual assault" was substituted for the common law term "rape" in the list of crimes that are not considered minor, affected the statute of limitations in this case. Since this statute of limitations defense is wholly lacking in merit, the trial attorney made no error whatsoever in failing to raise the issue.



PDF created with pdfFactory trial version www.pdffactory.com

Finally, while McVeigh seems to allude to other areas where he claims his attorney's conduct was ineffective, such as contacts between he and complainant after the fact, abuse of Cynthia's sister by others and reasons why various attorneys along the way withdrew, he did not pursue those claims in his application for post conviction relief or in his appeal from the denial of post conviction relief. Therefore, any issues that could have been raised, but were not, have been waived and are not properly before this court for consideration. *See* Walker v. Russo, 483 F.Supp.2d 128 133 (D.Mass. 2007)(state procedural rule such as failure to preserve objection may constitute adequate and independent ground barring federal habeas review) ***and*** Burks v. Dubois, 55 F.3d 712, 715 (1st Cir. 1995)(one is only able to overcome procedural default by showing cause and prejudice or a miscarriage of justice).

**Conclusion**

For the foregoing reasons, the State respectfully requests that the petition for habeas corpus be dismissed.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/Virginia M. McGinn
______________________________

**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400



PDF created with pdfFactory trial version www.pdffactory.com

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on April 9, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within document to Richard McVeigh, Pro Se, #51739, P.O. Box 8274, Cranston, RI 02920, by first-class mail on the same date.

/s/ Virgnia M. McGinn



PDF created with pdfFactory trial version www.pdffactory.com