1 #3

United States District Court
District of Rhode Island

Richard Mc Veigh
-V-
State of Rhode Island
and A. T. Wall, Director of the
R.I. Dept. of Corrections et al.

U.S. District Court
Case no. 08-082 M.L.

[Responce to States Motion to Dismiss]

The standard adopted by the leading case of [Strickland-V-Washington,] supra held;
"A fair trial" is one which "evidence" subject to adversarial testing is presented to an impartial tribunal for the resolution of issues, defined in advance."

The states points to the D.C.Y.F record and the comment that; "It is a known fact that Mr Mc Veigh, has sexually abused his second wife's girls Lindsay and Gloria."

Movant points to "Exhibit One," the above comment is "not true," if it was, the D.C.Y.F had a "obligation" to present their "evidence" to Family Court and prevent Movant from getting Custody of his daughter "Cynthia". Fact is, Cynthia testified on behalf of this Movant.

The "evidence" presented to this court, shows "perjured testimony" was allowed to occur unchallenged in the States responce they call this "trial strategy."
[Withholding evidence favorable to the defendant.]

In the States responce "page 9 of 11" copy is enclosed, Movant reminds the Court of the "Bolstering or Vouching rule"

Here the state admites useing Cynthia's sisters testimony to "Corroborate and validate" the testimony given by Cynthia. Movants "evidence" of Paula's testimony would have showed the jury Paula's story was to "protect the female high school Coach," she was "romantically involved" with. See Movants "Exhibit five": [Paula was 16 at the time]

Again this "deprived" the jury from forming an opinion of the "truthfulness or Credibility" of the testimony they were given.

In the states response, "page 7 of 11" copy enclosed, regarding Dr. Fallon's "examination," and his report to D.C.Y.F that, "Cynthia was not sexually active," if this report, or the Doctors testimony, or the social worker who investigated the case, were presented to the jury, their would be "no ~~sp~~ speculation," see Movants "Exhibit two." The state, and No Merit Memo. brings out the time, she was "Not sexually active, is at the beginning of the abuse," well if you give "perjuried testimony" for the beginning, what stops you from giving perjuried testimony in the middle, or the end as well?

Cynthia's enrollment was for five months not three, "the fact is she lied," when she

testified "to the jury," "I forced her to quote at age 16," she was in high school at age 16 & 17, as the "evidence" shows, see "Exhibit four."

As for the states remark on various Attorneys, and their withdrawing from my case, their is one who filed a, "Verified" Petition for Post Conviction Relief, see "Exhibit eight."

Movant refer's to Johnson-U.S. United States 413 A2d 499, State-U-Harlem 663 A2d 902 (R.I. 1995) State-U-Cronan 774 A2d 866 (R.I. 2001) and Strickland-U-Washington 466 U.S. at 687, also Movants 2254 Motion with Supporting Exhibits one to nine.

For the forgoing reasons, their Movant respectfully requests his petition for habeas Corpus be granted and his conviction be vacated.

[Enclosed Case]
Johnson-U-U.S
413 A2d 499

Respectfully submitted
Richard McVeigh
P.O. Box 8274
Cranston, R.I. 02920

[Enclosed] for the court is a Copy of Johnson-U-United States 413 A2d 499 this case shows how Dr. Fallon's testimony on his medical findings might have been favorable to the defence. It seems Dr. Fallon's report was [good] enough to [close the D.C.Y.F investigation]? "Ambiguous" Statute of Limitations [see Movants Exhibit No Nine?]

Case 1:08-cv-00082-ML-JH Document 7 Filed 04/09/2008 Page 7 of 11

disputed and of negligible relevance. The DCYF records from Massachusetts to which McVeigh alludes admittedly contain references to physical abuse, as McVeigh testified at trial. (Exhibit C, p. 48)("That was a physical assault."/"One black eye."). Likewise, the records of Doctor Fallon, that McVeigh's trial attorney had subpoened, as he had the DCYF records, were not introduced and McVeigh can admittedly only speculate as to what was contained in them. (Exhibit C, pp. 5, 41 & 19)("I can only speculate."). Likewise, they were dated at the same time the abuse began.[2] And again, the family court records finding that McVeigh was a fit parent predated or were contemporaneous to the onset of the abuse and of no relevance to the facts of and time period involved in this case, especially since, as already noted, it was undisputed that Cynthia had not revealed the abuse to the authorities until years later. Finally, the school records, that McVeigh claims would support the fact that Cynthia was often out of the house, discuss enrollment[3] but not attendance. Additionally, according to the uncontradicted testimony, the abuse most often occurred during the evening hours when McVeigh and his daughter shared a bed, and were described at trial as more like husband and wife than father and daughter, for three years.

[Note] Movant did not testify at his trial!!

[see Exhibit 1] the examin of Cynthia by Dr Fallon was enough for D.C to stop their investigation!!

the abuse never happ so Cynthia testified on behalf of the Movant in Fam Court

perjuried testimony & evidence not presented at tri

McVeigh's trial attorney had subpoened certain records, and even introduced some of them at the bail hearing preceding trial, but his decision not to introduce them at

---

Note [2] McVeigh puts great emphasis on one of his former attorney's "no merit" memorandum (See State's PreBrief, Attached as Exhibit E, at Tab D) that states that Doctor Fallon indicated in June or July that Cynthia was not sexually active. However, as his attorney at the time pointed out, that time period constituted the very beginning of the sexual abuse and moreover, there is no indication of what kind of examination, if any, Cynthia received or if she simply denied being sexually active when giving the doctor her history.

Note: some one ha this report. It took this Movant three years to get the D.C.F report from the A.H.

[3] Plus, Cynthia was only enrolled at one high school for three months and another for five days!

This Movant told Dr. Fallon D.C.F wanted a [physical exam] the physical was given the doctor advise he would send his finding to D.C.F, one week later Movant received a letter the investigation was over. No one went to Family Court from D.C.Y.F regarding Dick Prescott story


PDF created with pdfFactory trial version www.pdffactory.com

Note: With holding evidence going to perjuried testimony is [not] trial strategy. The documents this movant gave the court, would raise [reasonable doubt] to any jury.

trial constituted a valid trial strategy, particularly in light of the information contained in those records. *See* Brown v State, 841 A.2d 1116, 1119 (R.I. 2004)(post conviction failed where hearing justice found that "most of what he complained about amounted to challenging the strategic decision and tactics of his trial attorney."). The fact that petitioner would like to have presented documents that contained references to additional uncharged criminal conduct and other bad acts, on the basis that he could purportedly refute them, certainly does not support his claim that his attorney was ineffective in keeping that information away from the jury in the first place.

[reasonable doubt

"No pre-trial" investigation there was no evidence to charge this Movant, in fact, the evidence from the state doctor was in favor of this Movant!!

The petitioner also challenged the amount of time that his defense attorney spent with him over the course of three visits and four hours before the trial. (Exhibit C, pp. 52-3)("He left me out of my own trial."). But he could not point to additional information that he might have provided his attorney, he simply testified that they could have "expanded on it". (Exhibit C, p. 8). Additionally, McVeigh complained that his attorney did not make sufficient effort to obtain information from certain people he proposed as defense witnesses.[4] (Exhibit C, p. 8). However, as is apparent from the transcript, those witnesses would not have been of any assistance to McVeigh. (Exhibit C, pp. 57, 72)("No one wants to talk to the private investigator. Or if they do, it is certainly not helpful to Mr. McVeigh. No one has come forward to render assistance to Mr. McVeigh.").

No sign of abuse, party, beach outing picnic. see page Paula's testimony

Why should they? Evidence favorable to McVeigh's defence is withheld from the jury!! Brings in [reasonable doubt] on the testimony given to the jury..

However, even if McVeigh could point to specific areas of ineffectiveness attendant to his trial attorney's representation with respect to these evidentiary issues, which is emphatically denied, the deficiencies would not have been prejudicial in light of

a jury of ... would or ... see the ... that Cynthia testimony is a lie.

[4] "The only thing that they could offer was that they seen no signs of physical abuse, which would go to the credibility of the victim." (Exhibit C, p. 9).



PDF created with pdfFactory trial version www.pdffactory.com

this record as a whole. Unlike the situation in many sexual assault cases, the testimony of Cynthia in this case was corroborated in great detail by her sister's testimony at trial. Even McVeigh recognized at the hearing that he and his attorney filed motions to prevent Cynthia's sister from testifying since her testimony would be so damaging in that it "more or less validated testimony given by the victim." (Exhibit C, p. 10). Additionally, despite his defense attorney's motions in limine regarding Rule 404 (b) evidence, the trial justice ruled that the jury was entitled to hear evidence of other sexual contact in both Massachusetts and Pennsylvania and of sexual abuse of another sister. That decision was one of the issues pursued by McVeigh in his direct appeal to the RISC, which affirmed the trial justice's decision. Therefore, it is unlikely that, in light of the testimony in this case, that the introduction of the records that McVeigh guesses or speculates may have been helpful would have been helpful at all, much less have affected the jury's verdict.

11 th hr. Disclosure; the day of trial. State withheld info. See Exhibit five-

see enclosed case Johnson U.S. 413 A 2d 499

Despite McVeigh's assertion to the contrary, there has never been a statute of limitations in Rhode Island for the conduct for which he was convicted. As the hearing justice correctly recognized, when it cited Brown v. State, 841 A.2d at 1121, "[t]here has never been a statute of limitations for first degree sexual assault (Section 12-12-17)." (Exhibit C, p. 74). The petitioner is unable to offer any support at all, much less sustain his burden of demonstrating ineffectiveness and resulting prejudice, for his claim that the amendment to the statute of limitations for *minor* offenses, whereby the term "first degree sexual assault" was substituted for the common law term "rape" in the list of crimes that are not considered minor, affected the statute of limitations in this case. Since this statute of limitations defense is wholly lacking in merit, the trial attorney made no error whatsoever in failing to raise the issue. "Statute is [Ambiguous] see Exhibit 9



PDF created with pdfFactory trial version www.pdffactory.com

Finally, while McVeigh seems to allude to other areas where he claims his attorney's conduct was ineffective, such as contacts between he and complainant after the fact, abuse of Cynthia's sister by others [see Exhibit five] and reasons why various attorneys along the way withdrew, he did not pursue those claims in his application for post conviction relief or in his appeal from the denial of post conviction relief. Therefore, any issues that could have been raised, but were not, have been waived and are not properly before this court for consideration. *See* Walker v. Russo, 483 F.Supp.2d 128 133 (D.Mass. 2007)(state procedural rule such as failure to preserve objection may constitute adequate and independent ground barring federal habeas review) *and* Burks v. Dubois, 55 F.3d 712, 715 (1st Cir. 1995)(one is only able to overcome procedural default by showing cause and prejudice or a miscarriage of justice). prejudice from a finding of guilt when all the evidence is not given to the jury!

Movant did address other contacts see Exhibit 6 & 7

these issues were not waived and Movant did address them in her Motion see page 7 top exhibit 6 & 7

**Conclusion**

For the foregoing reasons, the State respectfully requests that the petition for habeas corpus be dismissed.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/Virginia M. McGinn

**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400



PDF created with pdfFactory trial version www.pdffactory.com

1-12

United States District Court
For the District of Rhode Island

Richard McVeigh
-V-
State of Rhode Island
A.T. Wall Director of the
R.I. Dept. of Correction et al

U.S. District Court
Case No. 08-082 M.L.

Motion: [Truthfulness or Credibility Rule]
[Responce to States Motion to Dismiss]

This Movants use of State -v- Webber and State -v- Haslam is [not] for the "Bolstering" or "Vouching" rule.

In this Movants trial, testimony and Credibility of the states complaining witness, were undeniably at the forefront of the jurys determination of guilt or innocence.

Movants trial was [serverly Compromised] when [perjuried testimony] was allowed to occur unchallenged, because Movants evidence [one to nine] "was not" given to the jury!

["The determination of truthfulness or Credibility of a witness lies within the exclusive provine of the jury"]. "This was denied to the jury"!.

This determination goes [beyond] the "Bolstering or Vouching" rule.

Respectfully submitted
Richard McVeigh pro-se
P.O Box 8274
Cranston, R.I. 02920

372

Case No 08-082 ML

McVeigh -v- State of Rhode Island and
A.T.W. Director R.I. Dept. of Corrections

Movant would advise the court, their is [no trial strategy], on with holding evidence that points to [perjuried testimony], evidence that is favorable to Movants defence, please keep in mind, a jury must find, a defendant guilty [beyond a reasonable dout].

Their was [no defence] given to the jury, at this Movants trial. The evidence this Movant presents this court, is evidence his jury was denied from forming their own opinion of the truthfulness or credibility of the testimony thay are given, from the complaining witness.

Respectfully submitted
Richard McVeigh pro-se
P.O. Box 8274
Cranston R.I. 02920

Note:

For the record, I (Movant) told Dr Fallon he had to send a report to D.C.F. after he examined my daughter.

He told me Cynthia [was not] sexually and he would send his report to D.C.F. One week later thay (DCF) closed their investigation

Richard McVeigh

was for sexual-abuse recovery. For example, the following exchanges took place:

"Q. Directing your attention to your private practice, has your private practice focused on any particularized area of concern in counseling?

"Defense counsel: I object.

"The court: What was your objection?

"Defense counsel: No foundation at this point.

"The court: Objection overruled.

"A. I have worked primarily with people who have been abused either physically, sexually or emotionally due to dysfunctional family situations.

"* * *

"Q. You said earlier that your practice focuses primarily on abuse either sexual, physical or emotional?

"A. That's correct.

"Q. Is it for one of those things or something else that you counsel [Amy]?

"Defense counsel: Objection.

"The court: What's your objection?

"Defense counsel: It's leading, there is no foundation.

"The court: Objection overruled, she may respond.

"A. Yes, she was referred to me for sexual abuse recovery counseling.

"Q. Sexual abuse recovery counseling, is that what you said?

"A. Yes.

"* * *

"Q. I do understand she was referred to [you] by DC[Y]F, and you have been counseling her for sexual abuse recovery, is that what you testified to?

"A. Yes.

"Q. Has that been the focus of your counseling throughout the period of February '91 through May of '93?

"A. Yes, it has with all of its ramifications."

[1] Swink's first knowledge of and contact with Amy occurred in February 1991, approximately six months after the last incident of sexual abuse allegedly occurred. The defendant claims that because Swink had no firsthand knowledge that Amy had been sexually molested, her testimony that she counseled Amy for sexual-abuse recovery constituted impermissible vouching for the credibility of the complaining witness. We agree.[2]

Note:

[2–4] The determination of the truthfulness or credibility of a witness lies within the exclusive province of the jury. *State v. James,* 557 A.2d 471, 473 (R.I.1989); *State v. Desmarais,* 479 A.2d 745, 748 (R.I.1984); *State v. Castore,* 435 A.2d 321, 326 (R.I.1981). Because credibility determinations are solely a jury function, a witness is not permitted to offer an opinion concerning the truthfulness of the testimony of another witness. *James,* 557 A.2d at 473; *see also State v. Tavares,* 590 A.2d 867, 870–71 (R.I.1991); *State v. Nicoletti,* 471 A.2d 613, 617 (R.I.1984). Even when a witness does not literally state an opinion concerning the credibility of another witness but his or her testimony would have the same "substantive import," such testimony is inadmissible. *See Tavares,* 590 A.2d at 870–71 (citing *Commonwealth v. Montanino,* 409 Mass. 500, 567 N.E.2d 1212 (1991)).

See testimony of Paula McVeigh Trial Transcripts page 179

In *Montanino* a male defendant was found guilty on two counts of engaging in unnatural sexual intercourse with a fifteen-year-old male. The victim did not report the incidents until four years after they had occurred. At trial the victim made several statements that were inconsistent with his original report to the police. On redirect examination, the prosecutor asked the police officer who had taken the report, "And, would you tell us, Sergeant, whether or not you have an opinion as to whether in your initial discussions with victims, [you] tend to get more or less than the complete details that you eventually learn regarding the incident?" 409 Mass. at 502, 567 N.E.2d at 1213. The officer responded that in his experience interviewing sexual-assault victims, "'most' victims eventually provided more details regarding the assault than they initially revealed." *Id.* at 502–03, 567 N.E.2d at 1213.

2. The defendant claims that two other witnesses also impermissibly vouched for Amy's credibility. We disagree with defendant's contention with respect to these two witnesses.

United States District Court
District of Rhode Island

Richard McVeigh
-v-
State of Rhode Island
A.T. Wall Director of the
Dept. of Corrections, et al

U.S. District Court
Case no. 08-082 M.L.

[Addendum to States Motion to Dismiss]
[Determination of truthfulness or Credibility exclusive province of the jury]

The testimony and credibility of the complaining witness "were undeniably at the forefront of the jury's determination of guilt or innocence".

Federal habeas Corpus is a means to present the truth, the facts, and [evidence] that may have been withheld at the time of the trial.

Movants case is just that; "Evidence" that goes to [perjuried testimony] being allowed to occur unchallenged!"

[Strickland-v-Washington] tells us what a Fair Trial is, and that is [evidence presented] to an impartial tribunal! Surely when any evidense is withheld, and that evidence goes to perjuried testimony, a violation of the Strickland rule takes effect.

The States words on page 9 of 11; "more or less [validated] testimony given by the victim." (Exhibit C, p. 10). In the States Exhibit C, page 11 lines 13 and 14 this Movant tried to present a reason for Paula's 11th hour disclosure, and that being: "to protect the romantic relationship Paula had with her female high school coach, however, Movant was [Cut off] by his Attorney!

The word [validated] has the same meaning as the words [vouching, bolstering]. Validating or vouching for a witness truthfulness or credibility is a job for the jury, here the state use Paula's testimony to do this. At the start of Movants trial, Paula told the states Attorney "she told a friend," this information was [withheld from the defence]. See Movants "Exhibit No five". And Exhibit no nine (9)!

Respectfully submitted
Richard McVeigh

Richard McVeigh
-v-
State of Rhode Island
and A.T. Wall Director of the
R.I. Dept. of Corrections

U.S. District Court
Case no. 08-082 M-L.

[ Certification ]

I here-by certify that on April 15, 2008 I sent a Copy of the within Motion by first-class mail to; Attorney Virginia M. McGinn, Dept. of Attorney General 150 South Main St. Prov. R.I. 02903.

[Original Motion] mailed to Magistrate Jacob Hagopian U.S. District Court, Federal Building Providence R.I. 02903 on April 15, 2008

Respectfully submitted
Richard McVeigh
P.O. Box 8274
Cranston, R.I. 02920