UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD McVEIGH

v. C.A. No. 08-082 ML

STATE OF RHODE ISLAND
and A.T. WALL, Director,
Rhode Island Department
of Corrections, et al.

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge.

Richard McVeigh ("petitioner"), *pro se*, filed a petition with the Court for a writ of habeas corpus pursuant to 28 U.S.C. §2254 ("§2254") seeking to set aside his 1993 conviction on eight counts of first degree sexual assault of his daughter (Docket #1). Petitioner is currently imprisoned at the Adult Correctional Institutions in Cranston, Rhode Island in the custody of the Rhode Island Department of Corrections.

Respondent State of Rhode Island filed a motion to dismiss the application (Docket #7) and petitioner objected (Docket #8). This matter has been referred to me pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons stated below, I recommend that the State's motion be granted and the petition for a writ of habeas corpus be dismissed. I have determined that a hearing is not necessary.

## Background

On June 30, 1993, following a jury trial, petitioner was convicted of eight counts of first-degree sexual assault of his daughter, Cynthia McVeigh, for events occurring over a three year period beginning in May 1981. He was sentenced to two life sentences to be served consecutively. The Rhode Island Supreme Court affirmed his conviction on direct appeal. *State v. McVeigh*, 660 A.2d 269 (R.I. 1995). Later, after petitioner filed a motion to reduce his sentence, the Rhode Island Supreme Court affirmed the sentence. *State v. McVeigh*, 683 A.2d 269 (R.I. 1995).

Thereafter, petitioner filed an application for post-conviction relief in the Rhode Island Superior Court alleging ineffective assistance of counsel. After a hearing, petitioner's application was denied on April 18, 2006. *McVeigh v. State*, No. PM/1998-1217, Transcript of Hearing Before Rhode Island Superior Court Assoc. Justice Michael A. Silverstein: April 11 & 18, 2005 ("April 2006 Superior Court Decision"). The Superior Court found that there wasn't "a scintilla of evidence that was put before the Court that would lead to… the determination" that "Mr. McVeigh's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution in any way have been trampled upon." April 2006 Superior Court

Decision, at 71. Petitioner appealed the decision to the Rhode Island Supreme Court. On December 17, 2007, after hearing oral arguments, the Rhode Island Supreme Court affirmed the April 2006 Superior Court Decision denying post-conviction relief. *McVeigh v. State*, 937 A.2d 1183 (R.I. 2007).

On March 5, 2008, petitioner filed the instant §2254 petition in this Court. He alleges violations of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, urging ineffective assistance of counsel. Petitioner bases his claim on the failure of his trial counsel to: (i) obtain and present at trial certain documentary evidence; (ii) conduct a pre-trial investigation; and (iii) raise a statute of limitations defense under R.I.G.L. §12-12-17 (1981).[1] Respondent urges that plaintiff's claims lack merit.

## Standard of Review

### I. Habeas Corpus

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") significantly limits the scope of federal habeas review. Under the relevant portion of the AEDPA, habeas corpus relief is available only if the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved

---

[1] Petitioner asserts other grounds for ineffective assistance of counsel in his application for habeas corpus relief. However, petitioner waived consideration of these grounds by failing to raise them in his state proceedings. *See Burks v. Dubois*, 55 F.3d 712 (1st cir. 1995).

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. §2254(d)(1).

For a federal habeas court to find a state court decision "contrary to" federal law, it must determine that the state court applied a legal principle different from the governing law set forth in Supreme Court cases, or decided the case differently from a Supreme Court case on materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Alternatively, to grant relief under the "unreasonable application" clause, the federal habeas court must determine the state court decision was not just incorrect, but also objectively unreasonable. *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939-1940 (2007). The federal habeas court's focus "is not how well reasoned the state court decision is, but whether the outcome is reasonable." *Hurtado v. Tucker*, 245 F.3d 7, 20 (1st Cir. 2001), *cert. denied*, 534 U.S. 925, 122 S.Ct. 282, 151 L.Ed.2d 208 (2001).

AEDPA also provides that the federal habeas court presume that the state court's determination of factual issues is correct; petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). Additionally, the federal habeas court must defer

to state court decisions regarding applicable state laws. *See Mello v. DiPaulo*, 295 F.3d 137, 151 (1st Cir 2002).

**II. Ineffective Assistance of Counsel**

Petitioner here claims that he received ineffective assistance of counsel. The United States Supreme Court recognized the guaranteed right to "effective assistance of counsel" under the Sixth Amendment in *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970), and established a two-prong test to determine whether assistance of counsel has been effective in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To warrant a reversal of a conviction under the *Strickland* test, a petitioner must demonstrate (1) that his counsel was actually deficient and (2) that such deficiency prejudiced the defense. *Id.* at 687, 104 S.Ct. 2052.

To establish actual deficiency, petitioner must show that counsel's representation was unreasonable considering all the circumstances. *Id.* at 687-88, 104 S.Ct. 2052. Further, petitioner must overcome a "strong presumption" that counsel's choices in conducting the defense "fall within the range of reasonable professional assistance", and, where it is shown that counsel's decisions were adequately informed strategic choices, such decisions are "virtually unchallengeable". *Id.* at 690, 104 S.Ct. 2052; *see also Barrett v. United States*, 965 F.2d 1184,

1193 (1st Cir. 1992). The actual deficiency prong is satisfied where, given the facts known at the time, counsel's "choice was so patently unreasonable that no competent attorney would have made such choice." *Phoenix v. Matesanz*, 233 F.3d 77, 82 n.2 (1st Cir. 2001)(quoting *Washington v. Strickland*, 693 F.2d 1243, 1254 (5th Cir. 1982)).

Even if he shows that his trial counsel was deficient, to succeed petitioner must also establish that his defense was materially prejudiced by the deficiency. Establishing prejudice is "highly demanding" and a "heavy burden," *Williams v. Taylor*, 529 U.S. 362, 393, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

**Discussion**

McVeigh claims that the Rhode Island courts erred in denying his ineffective assistance of counsel claim. However, the Rhode Island Superior Court specifically applied the standards set forth in *Strickland* to the petitioner's claims, *see* April 2006 Superior Court Decision, 71-72, and, thus, was not "contrary to" federal law, *see Bell*, 535 U.S. at 694, 122 S.Ct. 1843. Therefore, the question is whether the state

court's decision was objectively unreasonable. *See* §2254.

**I. Failure to Present Documents**

Petitioner claims that his trial counsel failed to present various documents to the jury that would have challenged the credibility of state witnesses. The documents to which he refers are: (1) a Department of Children, Youth and Family ("D.C.Y.F.") report; (2) a Family Court order; and (3) certain school records of Cynthia McVeigh. However, as detailed below, petitioner does not establish that trial counsel's decision not to introduce such documents was unreasonable or prejudicial.

First, petitioner urges that a medical record in the D.C.Y.F. report would have shown that the Cynthia McVeigh was not sexually active in September 1981, four months after the abuse allegedly began. However, counsel knew the report contained many negative references about petitioner, including his extensive criminal record and a statement that he abused his second wife's daughters. *See* Docket #1, Exhibit 1. Since counsel made an adequately informed strategic choice not to introduce the report at trial, the presumption of reasonableness is "virtually unchallengeable". *See Strickland,* 466 U.S. at 690-91.

Petitioner next alleges that his trial counsel was ineffective because he did not present a Family Court order from October 1981 determining that the petitioner was a "fit and

proper person" to maintain sole custody of Cynthia McVeigh. *See* Docket #1, Exhibit 3. However, it is undisputed that Cynthia McVeigh did not report the abuses until many years after the Family Court order was issued. The jury knew about Cynthia McVeigh's early silence regarding the abuse because defense counsel "vigorously attacked" her on cross-examination regarding her delay in reporting the abuse. *McVeigh*, 660 A.2d at 275. Thus, the Family Court order would have had minimal persuasive value because it was issued before Cynthia McVeigh had been willing to reveal the sexual abuse.

Third, petitioner claims that his trial counsel was ineffective because he failed to introduce certain school records showing Cynthia McVeigh was enrolled in school to impeach her testimony that petitioner forced her to quit school when she turned sixteen. However, the school records do not possess the exculpatory value petitioner asserts. The records petitioner refers to show only enrollment, not attendance, *see* Docket #1, Exhibit 4, and, since the abuse she complained of took place predominantly in the evening not during school hours, her attendance at school after the age of sixteen was tangential to the assault charges.

Accordingly, given the minimal evidentiary or impeachment value of the documents, counsel's failure to introduce these

documents was neither unreasonable nor prejudicial to petitioner's case. It was not objectively unreasonable for the state court to so determine.

**II. Failure to Conduct a Sufficient Pre-trial Investigation**

Petitioner also complains that his trial counsel was ineffective for failing to conduct a pre-trial investigation. Petitioner claims that Paula McVeigh, Cynthia's sister, fabricated testimony that petitioner (i) touched her inappropriately and (ii) told her that "[Cynthia] let [him] do it to her." *McVeigh*, 660 A.2d at 272. He urges that a pre-trial investigation would have revealed that Paula, who was in high school at the time of the trial, was having an illegal affair with her high school coach. Petitioner suggests, without providing any evidence, that Paula might have made an agreement with the state not to charge the coach with wrongdoing if Paula "came up with a story" about petitioner. Docket #1, Exhibit 5. However, petitioner provides absolutely no evidence that such an agreement existed or that discovery of the alleged affair would have helped his case in any way. Thus, it was not unreasonable for the state court to deny petitioner's claim of ineffective counsel based on trial counsel's pre-trial investigations.

**III. Failure to Assert Statute of Limitations Defense**

Finally, petitioner alleges that his trial counsel was ineffective for failing to raise the statute of limitations as an affirmative defense. Petitioner urges that the statute in effect when the assaults with which he was charged occurred, R.I.G.L. §12-12-17, 1981, had a three year limitation for first degree sexual assault, thus barring the charges against him.

However, in 2004, the Rhode Island Supreme Court determined that "[t]here has never been a statute of limitations for first degree sexual assault. Section 12-12-17." *Brown v. State,* 841 A.2d 1116, 1121 (R.I. 2004). Relying on *Brown*, the Rhode Island Superior Court found that the statute of limitations did not bar the charges against petitioner in 1993, and denied petitioner's ineffective assistance of counsel claim related to the statute of limitations. April 2006 Superior Court Decision, at 74-75.

Deferring to the Rhode Island Supreme Court's interpretation of state law, as required by a federal habeas court, *see Mello*, 295 F.3d at 151, it is clear that there has never been a statute of limitations for first degree sexual assault in Rhode Island. Therefore, the state court's denial of petitioner's ineffective assistance of counsel claim based on counsel's failure to argue a statute of limitations affirmative defense was clearly not unreasonable.

## Conclusion

Petitioner has not achieved his burden of proving that the state court was objectively unreasonable in denying his claim of ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. As a result, I recommend that the State's motion to dismiss be GRANTED and petitioner's application for a writ of habeas corpus be dismissed with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *See United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: July 14, 2008