United States District Court
District of Rhode Island

Richard McVeigh U.S. District Court
-v- Case no. 08-082 M.L.
State of Rhode Island
and A.T. Wall Director [Assigned to]
Department of Corrections, et al. [Justice Mary Lisi]

[Objection] to Report and Recommendation by Justice (Magistrate) Jacob Hagopian

Now comes the above named [Movant] and here-by states;

Justice Hagopian Report is misleading in his presentation. [See page 7 of Report]

Movant stated in his petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254,

The documents not presented to the jury was [prejudicial] and [unreasonable] as perjuried testimony was allowed to occur unchallenged.

1) The D.C.Y.F report contained [one negative] reference about this Movant, "that Movant abused his second wife's daughters," however, this statement is [without evidence] to support the reference. No chargers were ever filed, D.C.Y.F never went to Family Court to claim Movant was unfit for custody of Cynthia McVeigh, and in Febuary 1981 D.C.Y.F wanted to place one of the daughters and her son, in Movants

home, also on page 7 it states; "Movants Criminal record as being extensive, his record at the time was, two Federal sentences, and one state sentence, for stolen cars (1965 to 1970).

2) Justice Hagopian makes light of the medical record that [was not] given to the jury, or the testimony of Dr. Frank Fallon, that [was not] presented to the jury.

In September 1981, four months [after] the abuse allegedly began, Dr. Fallon examined Movants daughter, and sent his findings to D.C.Y.F that [Cynthia was not sexually active]. Is this the [negative reference] Justice Hagopian refer's to on [page 7] of his report??

3) Justice Hagopian's report [page 8] on Movants Family Court issue. Trial Counsel [never] [vigorously attacked] Movants daughter on any cross-examination! The only [undisputed] issue here is; "a family Court Judge found this Movant to be a fit and proper person to [maintain] sole Custody of Cynthia McVeigh [after] the States Complaining witness testified on behalf of this Movant."

4) Justice Hagopian's report on [page 9] left out the [fact], the States attorney [withheld] evidence in favor of the defence at the start of this Movants trial!

3 of 6

5) [Please read exhibit five] from Movants evidence package.

Movant believes Paula McVeigh age 16 [fabricated] a story, to protect the romantic relationship with her femal high school coach.

Paula's statement to D.C.Y.F on Jan. 1992 was; ["my father never touched me"!]. Ten months later [after] D.C.Y.F learned about the female coach, Paula's story was, "he touched me the day befor my 10th birthday."

Paula [did not] testify befor the Grand-Jury, she [did not] testify at Movants bail hearing- again Movant feel this story by Paula was to protect the high school coach, as far as this Movant knows [no charges were brought] against the high school coach.

Paula told the States attorney at the start of Movants trial "she told a friend," this information was not told to the defence; [State-v-Cronan] 774 A2d 866 (R.I 2001) and [State-v-Wyche] 518 2Ad 907-910 (R.I. 1996). [R.I. Supreme Court stated.]

"When the [failure to disclose is deliberate] this court [will not] concern itself with the degree of harm, caused to the defendant, by the [prosecutions misconduct] [we shall] simply grant the defendant a new trial"! This [misconduct] [was not] address by

Justice Hagopian in his report. [Movants exhibit five] is clear on this issue. Now I question if it was left out of the report [deliberatey] because of the [failure to disclose] rule, as outlined in the cases Movant quotes?

6) Justice Hagopians report, with reference to my daughters school enrollment and attendance.

This shows the court [very limitted investigation] was done by the defence attorney. School attendance could have been uncovered with a little work, instead, [perjuried testimony] was allowed to go unchallanged!

7) The [Strickland-v-Washington] case is very clear in the [language]; [a fair trial] is one in which [evidence] subject to adversarial testing is presented to an impartial tribunal (jury) for resolution of issues defined in advance of the proceeding." [trial]. Movants evidence as presented in this petition [was not] given to the jury in his defence, there-by depriving this Movant of [a fair trial.]

8) In State-v-Webber 716 A2d 738 (R.I 1998) and State-v-Haslam 663 A2d 902 (RI 1995)

R.I. Supreme Court stated; "the determination of the truthfulness or credibility of a witness, lies within the [exclusive] province of the jury.

Movants jury was [deprived] from

forming an opinion of the truthfulness or the credibility of the testimony they were given.

9) At the [very least] Movants evidence gives way to [reasonable doubt]. Movants daughter had marriage problems, she was seeing a [therapist because of her husband] not because of this Movant. [See exhibit two] of evidence package. [Testimony regarding therapist and husband.]

10) The abuse Movants daughter testified to at trial, could have been abuse she received from her husband. This was not investigated by the defence. Police never came to Movants home while his family lived in Pawtucket or C.F. there were [no domestic problem] when this Movant's family lived in Pawtucket 1981 to 1983.

11) [Movants] argument on the [12-12-17 Statute of Limitations] issue, [was not] ruled on by Justice Hagopian. Movants exhibit nine presents evidence and U.S. Supreme Court rule on [the ambiguousness] of the Statute, hence in 1988 the [entire wording] of the Statute was changed, and the crime of [larceny] was removed. [Movant request the Court read exhibit nine] in his evidence package, Movant refers to [State-v-Ricci 533 A2d 844 (R.I 1987)].

12) U.S. Supreme Court has ruled; " a law or Statute that is [ambiguous] and charges

are brought against that person, then the law or Statute falls in favor of the defendant.

[O.L. 1938 C 626 § 12] Statute limiting criminal prosecution should be liberally construed in favor of the defendant, and [exceptions] from the benefits of such statutes are always construed strictly against the state.

13) All evidence [was not] presented to the jury, any pre-trial investigation was [very limitted]

[Perjuried testimony was given to the jury], Movant jury was prevented from forming an opinion of truthfulness or the credibility of the testimony they were given, by [not] receiveing all the evidence, as out lined in [Strickland-V-Washington].

14) As a result of the allegations set forth Movants Conviction is, [illegal and unconstitutional]

This Movant was denied a [fair trial] and he request his Conviction be [vacated] and a new trial be so [Ordered]!

Respectfully submitted
Richard McVeigh 51239
P.O. Box 8274
Cranston, R.I 02920

Note:

15) If this Movant may go back to Paula McVeigh's testimony, and her exhibit five.

Defence counsel was denied a motion in limine, for an evidentiary hearing regarding Paula's testimony, defence was told to relie on the police statement given to the defence. This had [ nothing ] about Paula telling a friend!

However, she told the States Attorney the day of the trial, and the States Attorney withheld this information from the defence. Why?

16) The friend may have been the female high school Coach, Paula (age 16) was haveing a romenic relationship with, to make her story believeable, however, you can understand how this would look to the jury, haveing a 16 yr. old's female high school Coach, who is in a romenic relationship with testifying.

Submitted by
Richard McVeigh

17) Please see Movants exhibit eight Attorney Cravens Memorandum of Law page 4-5 - examination by Dr. Fallon indeed existed page 5, this evidence goes to the credibility of the victim not the innocence of the defendant - page 5 - question the credibility of States Complaining witness. R. McVeigh

[Movants Statement]

18) [See exhibit 6 of Movants evidence package]

Supplement Motion as to other Contacts by the States Complaining witness.

Trial transcipt pages 225 to 230. Trial Counsel was denied calling Movants daughter Cynthia at the end of his trail, to put [five questions] to her, as to the Contacts Cynthia made after moveing out of Movants home.

This testimony would have showned that Movants daughter came to him because she needed a car. Movant gave her $1,000.00 to buy a Mustange car.

Then Cynthia had a miscradge because of her boyfriends [abuse]. Movant gave her $500.00 so she could move into a appartment in Pawtucket with a friend. This testimony would have proven Movant [was not] abuseive to Cynthia.

Trial justice allowed [uncharged] acts in Pa. and Mass. to [compleate the story] and make this Movant look bad and then denine Defendants Motion, to let testimony that would put Defendant in a better light, a light where Movant [loved and helped his daughter after she moved out].

Sumitted by

Richard McVeigh

143

United States District Court
District of Rhode Island

Richard McVeigh
-v-
State of Rhode Island
and A.T. Wall Director
Rhode Island Department
of Corrections, et. al.

U.S. District Court
Case no. 08-082 M.L.
[assigned to]
Justice Mary M. Lisi

[Cases in Support of 2254 Petition].

Strickland-v-Washington 466 U.S. 688 (1982)
Johnson-v-U.S. 413 A2d 499 (1980)
State-v-Webber 716 A2d 738 (RI 1998)
State-v-Haslam 663 A2d 902 (RI 1995)
State-v-Cronan 774 A2d 866 (RI 2001)
State-v-Wycle 518 A2d 907-910 (RI 1996)
[Meaning of ambiguity] blacks law out take
(See following pages)

United States District Court
District of Rhode Island

Richard McVeigh
-v-
State of Rhode Island
and A.T. Wall Director
Rhode Island Department
of Corrections, et al.

U.S. District Court
Case no. 08-082 M.L.
[assigned to]
Justice Mary M. Lisi

[Objection] to Report and the Recommendation by Justice Jacob Hagopian

Now comes the above named [Movant] and here-by states;

Under Strickland-v-Washington 466 U.S. 688 the Court held; [a fair trial] is one in which [evidence] subject to adversarial testing is presented to an impartial tribunal for the resolution of issues, defined in advance." also

In Johnson-v-U.S. 413 A2d 499 this Court held; "Trial Counsel was [grossly incompetent] by failing to investigate a favorable medical report, and failure to secure and present testimony from the doctor, who found [no evidence of trauma]. This Movants Doctor found [after] examining his daughter; [she was not] sexually active! Report given to D.C.Y.F in September 1981.

State-v-Webber 716 A2d 738 (RI 1998) and State-v-Haslam 663 A2d 902 (RI. 1995). R.I. Supreme Court stated; "the determination of

the [truthfulness or credibility] of a witness lies within the [exclusive] province of the jury.

In State-v-Cronan 774 A2d 866 (R.I. 2001) and State-v Wyche 518 A2d 907-910 (RI 1996) R.I. Supreme Court stated;

"When the failure to disclose is deliberate, this court [will not] concern itself with the degree of harm, caused to the defendant by the [prosecutions misconduct] [we shall] simply grant the defendant a new trial."

Respectfully submitted
Richard McVeigh pro-se
P.O. Box 8274
Cranston, R.I 02920

United States District Court
District of Rhode Island

Richard McVeigh
-v-
State of Rhode Island
and A.T. Wall Director
Department of Corrections

U.S. District Court
Case no. 08-082 M.L.
[Assigned to]
Justice Mary M. Lisi

A Violation of the [Sixth] Amendment Right to a [Fair Trial], and a [Due Process] Violation under the [Fourteenth] Amendment to the United States Constitution.

Violation under Strickland -v- Washington "All evidence" [was not] given to the jury, [depriveing] the jury from forming an opinion of the truthfulness or Credibility of the [testimony] thay were given.

Failure to disclose evidence - there-by perjured testimony was allowed to occur [unchallenged], [depriveing Movant] of his right to a [fair trial].

Respectfully submitted
Richard McVeigh
P.O. Box 8274
Cranston, R.I 02920

United States District Court
District of Rhode Island

Richard McVeigh
-v-
State of Rhode Island
A.T. Wall Director
Rhode Island Department
of Corrections, et al

U.S. District Court
Case no. 08-082 M.L.

[assigned to]
Justice Mary M. Lisi

[Certification]

On receipt of Movants [denial] of his Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on this 17th day of July 2008

Movant here-by mails his [objection] on [Monday July 21, 2008] to the Clerk of U.S. District Court Federal Building Providence, R.I 02903

With a copy to Attorney Virginia M. McGinn Dept. of the A.G. 150 South Main Street Providence, R.I. 02903 [on Monday July 21 2008] by first class mail.

Richard McVeigh 51739
P.O. Box 8274
Cranston, R.I. 02920